## SUPREME COURT.

ROYER WHEEL COMPANY agt. ROBERT FIELDING *et al.*

*Fraudulent conveyances — Execution upon judgment — When not necessary in creditor's action — Chap. 466, Laws of 1877 — Misjoinder of cause of action — Pleading.*

The defendants, who were partners and joint debtors and were insolvent, conveyed each his individual real estate, without actual consideration being paid, and then made a general assignment for the benefit of creditors:

*Held*, that though the assignment is valid, the conveyances are fraudulent and void, and cannot be upheld as made to provide for debts of the grantors, for a want of conformity to the provisions of chapter 466 of the Laws of 1877, which apply to "conveyances," as well as "assignments," made by a debtor.

Also, that to establish the judgment creditor's lien on real estate no execution upon the judgment was necessary.

Also, that it was no misjoinder of causes of action, to unite in the complaint, causes for the joint fraud, with those of the individual fraud of the defendants.

*Special Term, June,* 1881.

*William M. Powell,* for plaintiff.

*James K. Hill,* for defendant.

VAN VORST, *J.* — In the general assignment made by the judgment debtors, I discover no evidence of fraud; and as far as that instrument is concerned the plaintiff is not entitled to relief. The conveyances, however, made by the debtor, George Fielding, of his individual real estate on the 3d day of November, 1880, are fraudulent and void. The grantor was insolvent. The conveyances were made for the nominal consideration of one dollar. No actual consideration was paid. They conveyed away all the debtor's individual property. That he could not lawfully do for a nominal consideration.

If these conveyances are sought to be upheld as made to provide for debts of the grantor, they are void for a want of conformity to the provisions of chapter 466 of the Laws of 1877. The provision of that chapter applies to " conveyances " as well as " assignments," made by a debtor, and it embraces provisions and safeguards, which have been wholly ignored. And the same remark applies to the conveyance made by Robert Fielding to Robert N. Fielding of the 15th of November, 1880. It is also void.

The objection in respect to the execution is not well taken. To establish the judgment creditor's lien on the real estate of the debtor, no execution was in fact necessary. That it has been issued and returned offers no reason why the conveyances should not be adjudged fraudulent as to the judgment.

Nor is the objection that there is a misjoinder of causes of action well taken. The defendants were partners and joint debtors, and seem to have been actuated by a common purpose with respect to the disposition of their property, joint and several.

It is true that the general assignment is upheld; but that does not validate the separate conveyances, which are void for the reasons above stated. Besides, this objection should have been taken by demurrer.